IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| PHIL CHARVAT on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLSTATE CORPORATION, and ESURANCE INSURANCE COMPANY<br><br>    Defendants. | Case No. 13-cv-7104<br><br>Hon. Elaine E. Bucklo |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

Aimed at protecting consumers from privacy-infringing automated telephone calls and unwanted solicitations, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits any non-emergency call made with a pre-recorded message, 47 U.S.C. § 227(b), and also prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's signed, written consent. *See* 47 C.F.R. § 64.1200(c)(2).

Plaintiff Phil Charvat (hereinafter referred to as "Plaintiff") has alleged that the Defendants Allstate Corporation and Esurance Insurance Company[1] (collectively referred to as "Defendants") implemented marketing efforts that run afoul of both these statutory prohibitions.[2] Plaintiff is entitled to the information and documents they have sought in discovery, as it is aimed at learning the extent of the Defendants' knowledge that illegal telemarketing calls were being made, as well as who made them.

---

[1] Esurance is owned by Allstate.

[2] As the Plaintiff received one unsolicited telemarketing call, his only cause of action is for a violation of 47 U.S.C. § 227(b).

I.   **THE PARTIES MET AND CONFERRED AND HAVE REACHED AN IMPASSE**

Plaintiff's counsel has satisfied its Fed.R.Civ.P. 37 and Local Rule 37.2 "meet and confer" duties. On November 26, 2013, Plaintiff propounded his discovery requests on the Defendants. The Defendants responded by producing the objections and responses attached as Exhibit A. Plaintiff's counsel certifies that he sent a letter outlining Plaintiff's objections and had a telephone conversation with defense counsel in January 2014, as well as a follow-up telephone call this month in a sincere effort to try to resolve the issues herein, to no avail. The parties have reached an impasse, and court intervention is necessary.

II.   **BACKGROUND AND RELEVANT LAW**

In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227). Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

*Id.* § 2(10). The TCPA prohibits persons from initiating any telephone call to a residential telephone line using a prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the FCC. 47 U.S.C. § 227(b)(1)(B).

"Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims*

1

*v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).  In enacting the TCPA, Congress intended to give consumers a choice as to how telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 2(11).  To this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 2(12). Congress also specifically found that, "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at § 2(13). *See also Mims*, 132 S. Ct. at 744.

On August 6, 2013, Plaintiff received a pre-recorded telephone call on his residential line advertising automobile insurance services.  *See* Plaintiff's Class Action Complaint (Dkt. No. 1) at ¶¶ 30-31, 33.  Allstate and Esurance played a pre-recorded message as part of a joint advertising campaign designed to generate business for both Esurance and Allstate.  Both companies regularly issue quotes for insurance during, or arising directly from, the telemarketing calls alleged in this lawsuit. *Id.* at ¶¶ 40, 44.

After pressing the number "one" to speak with a live representative, Plaintiff was greeted with *another* pre-recorded message.  After placing Plaintiff on hold, Esurance transferred Plaintiff to an Esurance representative. *Id.* at ¶¶ 34, 35, 39.  The Esurance representative took Plaintiff's information and entered it into the Esurance system to provide an automobile insurance quote and a homeowner's insurance quote. *Id.* at ¶¶ 37, 38.

2

### III. APPLICABLE STANDARD

The Federal Rules of Civil Procedure allow for broad discovery. Fed. R. Civ. P. 26(b)(1); *Benitez v. Am. Standard Circuits, Inc.*, No. 08-1998, 2009 WL 4043290, at *2 (N.D. Ill. Nov. 23, 2009). Rule 26(b)(1) provides, in part:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). A party may seek discovery of any document "in the responding party's possession, custody and control," that is within the scope of Rule 26(b). Fed. R. Civ. P. 34(a); *Benitez,* 2009 WL 4043290, at * 2; *Stella v. LVMH Perfumes & Cosmetics USA*, No. 07-6509, 2009 WL 780890, at *2 (N.D. Ill. Mar. 23, 2009).

### IV. DISCOVERY SOUGHT AND WHY

Plaintiff issued narrowly tailored discovery requests aimed at learning information in three general categories: (1) the identity of putative class members and any applicable defenses; and (2) the nature and extent of the telemarketing scheme the Defendants employ to distribute their product into the marketplace. Plaintiff's discovery requests are calculated to lead to the discovery of admissible evidence, including evidence about telemarketing violations by Defendants' marketing partners and Defendants' knowledge of those violations. The Court should compel Defendants to provide complete responses to the discovery requests it unilaterally limited to the single call to the Plaintiff's number.

Two basic principles support Plaintiff's right to conduct the discovery he seeks. First, Rule 23 of the Federal Rules of Civil Procedure authorizes Plaintiff to define proposed classes to cover all persons to whom Defendants sent telemarketing calls, not just the Plaintiff, which is what the Defendants have limited their response to. Second, since Plaintiff is entitled to define his proposed classes, he is also entitled to conduct tailored discovery into class issues, pursuant to federal case law specifically addressing class action discovery in cases involving the TCPA. That discovery will establish whether there exist classes of persons who may assert claims involving the same central issues law or fact as Plaintiff's claims. By attempting impermissibly to narrow the scope of discovery, the Defendants are effectively asking this Court to narrow the definitions of the classes set forth in Plaintiff's Complaint before Plaintiff can conduct the class discovery to which he is entitled. That should not be countenanced.

V. ARGUMENT

A. The Defendants have Failed to Produce a Single Document

Under the Federal Rules of Civil Procedure, absent agreement or a court order to the contrary, a producing party has 30 days to respond both to RFPs and interrogatories. *Rule 33(b)(2), 34(b)(2)(A)*. The time period is mandatory; both rules use the word "must." Documents are due the same day as responses to document requests. *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009) ("Rule 34 guarantees that the requesting party will receive, concurrently with the response, *all* documents reasonably available.") (emphasis in original). If the producing party cannot produce all responsive documents within the rule's thirty days (or agreed extensions), "it has an obligation to seek appropriate extensions, either by agreement or, if necessary, by a motion for time under Fed. R. Civ. Pro. 6." *Id.* (internal

4

quotation marks, brackets, and citations omitted). Despite the fact that the Plaintiff did not grant the Defendants an extension, Defendants failed to produce any documents along with its responses to the Plaintiffs document requests, instead asserting that "responsive, non-privileged documents relating to plaintiff Charvat, if any, will be produced at a mutually agreeable date and time following the entry of a Court-approved confidentiality order" *See e.g.* Exhibit A, Defendant's Response to Interrogatory No. 14. The Court should order Defendants to produce all responsive documents it intends to voluntarily produce immediately, and identify any documents that it asserts are privileged, as the Defendants have not produced a privilege log.

### B. The Court Has Not Bifurcated Class and Merits Discovery; Therefore, the Defendants Should not Be Permitted to Limit Their Responses to the Named Plaintiff's Claims.

At the heart of Defendants' objections to the Plaintiff's discovery requests is the contention that the Plaintiff is only entitled to information regarding *his own personal claim* before the class is certified. In another TCPA case pending before this Court, this objection was rightly dismissed:

> [Defendant] argues that any requests for information beyond that concerning the named plaintiff are premature because they are not necessary for the Court to determine whether a class should be certified. We disagree. The district court judge did not bifurcate merits discovery from discovery related to class certification, and thus discovery is not limited to that which is relevant to a motion for class certification. Moreover, the information plaintiff seeks in the contested first and second requests for production is clearly relevant to class discovery; specifically, to the issues of numerosity, commonality, and typicality…
>
> The Court cannot permit [Defendant] on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified.

5

*Whiteamire Clinic, P.A. v. Quill Corp.*, No. 12-5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013). Judge Schenkier's analysis is also appropriate as to the Defendants' objections in this case, as classwide discovery is appropriate here.

Similarly, in *Damasco v. Clearwire Corp*, 662 F.3d 891 (7th Cir. 2011)—itself a TCPA class action—the Seventh Circuit recognized that a trial court ruling on class certification must conduct a "rigorous analysis" before ruling on certification, and that a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class. *Id.* at 897.

### C. The Defendants Should Be Compelled to Produce Documents and Information Concerning Class Identification and Consent to Make the Telemarketing Calls.

Within the class action context, it is well settled that a proposed class representative must be given an opportunity to conduct ample class discovery before a court makes any class certification determination. *See, e.g., Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 20-22 (2d Cir. 2003) (vacating denial of class certification on the pleadings because district court had not given plaintiffs opportunity to conduct class discovery or make a motion for class certification).

Numerous decisions have endorsed tailored discovery specifically within the context of class actions brought under the TCPA. *Whiteamire Clinic, P.A.*, 2013 WL 5348377, at *2-3 (applying "liberal discovery" rules in TCPA class action context and rejecting the defendant's argument that "requests for information beyond that concerning the named plaintiff are premature"); *Martin v. Bureau of Collection Recovery*, No. 10-7725, 2011 WL 2311869, at *1-5 (N.D. Ill. 2011) (applying liberal discovery rules to allow broad discovery in TCPA class action); *Kaye v. WEBMD LLC,* No. 3:09-cv-1948 (MRK) (D. Conn. July 8, 2010) (Docket Entry # 55)

6

(denying motion to dismiss TCPA class action on the pleadings before parties could conduct discovery and file class certification motion).[3]

Plaintiff moves to compel the following information relevant to the Plaintiff's Class Identification:

**Interrogatory No. 1:** Identify all calls (including attempted calls) made by Esurance, or any individual or entity acting for Esurance, to the persons in the set of calls described below, including plaintiff. A complete answer will include at least the following:

   a. Identifying information for the person you were trying to reach (e.g. name, business name, address, email, fax number, all phone numbers),

   b. Information for the calls themselves, including the phone number called, the date and time of the call and the result of the call (e.g. no answer, message left, spoke with John Doe and updated business data, etc.), and whom you spoke with, if anyone, and the substance of the conversation;

   c. Information regarding the dialer and equipment used, including identification of the equipment and software used to make the call and any third party involved (e.g. Guaranteed Contacts, Aspect, Avaya, Soundbite, Five9, Vicidial), the location for call origination/dialer;

   d. The call script, including all products and services that were, or might have been, advertised in such call;
   e. The substance of the call, including the call script and identification of any products or services that were, or were intended to be, offered as an upsell or otherwise;

   f. Identify the source(s) where you (and any company you work with) obtained the telephone number called and the facts and circumstances surrounding such.

Class 1:

   All persons within the United States whom (a) Esurance or Allstate, directly or through their agents, played a pre-recorded message during a telephone call the purpose of which was to sell insurance (or develop "leads" for insurance sales) within four years before this Complaint was filed, and (b) and who did not previously give such number to Esurance or Allstate.

---

[3] *See also Kashmir v. Payless Shoe Source, Inc.*, No. 09-5142, 2010 WL 963225, at *2-3 (N.D. Cal. 2010) (denying motion to dismiss TCPA class action on the pleadings before discovery and class certification motion); *Bell v. Money Resource Corp.*, No. 08-639, 2009 WL 382478, at *3 (E.D. Pa. 2009) (same).

7

**Interrogatory No. 2:** For each call responsive to the previous interrogatory for which you contend you were permitted to call (e.g. had prior express consent, or the calls were otherwise consented to), identify all documents, data, information materials, testimony and other things that support your position of the same.

**Interrogatory No. 3:** Identify all documents, materials, testimony or other things that you have possession, custody or control over, AND those that are not in your possession, custody or control but which you are aware of, that support or refute *any* affirmative defense you claim applies to any person responsive to Interrogatory 1, or to the allegations set forth in the Class Complaint.[4]

As numerous Courts have held, discovery of this information is crucial to defining viable TCPA classes. *See, e.g., Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93-94 (3d Cir. 2011) *opinion reinstated in part*, 2012 WL 2052685 (3d Cir. Apr. 17, 2012) ("[I]n the specific context of claims filed under the TCPA statute, it is difficult to resolve without discovery whether there are factual issues regarding class members' business relationships with defendants or whether they consented to the receipt of faxes."); *Whiteamire Clinic, P.A.*, 2013 WL 5348377, at *3 (ordering a defendant in a TCPA case to produce information concerning other fax advertisements sent by the defendant to other persons within a four year period); *Martin*, 2011 WL 2311869, at *1-5 (N.D. Ill. 2011) (ordering a defendant in a TCPA case to respond to discovery requests requesting, among other things, identification or all persons to whom the defendant made telephone calls without prior express consent); *Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500, 503-506 (N.D. Ill. 2009) (ordering a defendant in a TCPA class action to respond to discovery requests concerning, among other things, consent obtained from proposed class members during the class period, efforts of the defendant to comply with the

---

[4] The Plaintiff's position is identical with respect to Interrogatories 6 and 14. Plaintiff also propounded document requests that ask for the same information. *See* Document Requests 1, 13, 15, and 21.

8

TCPA, four years' worth of telephone bills and all contracts with third parties relating to telephony and telephoning debtors to collect debts).

### D. Documents and Information Concerning Defendants' Marketing Efforts by their Affiliates Are Fundamental to Litigating the Merits of this Putative Class Action.

These discovery requests directed to the Defendants by the Plaintiff address one of the central merits issues in this case – exploring the working relationship between Defendants and the affiliates hired by Defendants to secure new business. Accordingly, information about all of Defendants' telemarketing affiliates is centrally relevant to the claims in this case. Although Defendants assert that producing responsive information about all of their dealers would be "unduly burdensome," they entirely fail to explain why this is so—nor could they, because a defendant cannot withhold critically relevant discovery materials based upon its own choice to use a complex business structure. *See, e.g., In re PE Corp. Secs. Litig.,* 221 F.R.D. 20, 26 (D. Conn. 2003).

Plaintiff moves to compel the following information relevant to the Defendants' marketing practices:

**Request No. 15:** All documents that concern or relate to any phone call, person or phone number responsive to interrogatory 1, including for example consent, opt-in information and/or call records.

**Request No. 16:** All documents that relate to the relationship you have with any individual or entity retained by Esurance to telemarket Esurance's goods or services that is not a Esurance employee.

**Request No. 17:** All documents reflecting payments made to any entity identified in response to the previous request.

**Request No. 9:** All documents concerning Esurance's monitoring of outbound telemarketing campaigns conducted by Esurance or any individual or entity retained by Esurance to telemarket Esurance's goods or services.

9

**Request No. 10:** All documents concerning any due diligence conducted by Esurance in regards to any third party retained by Esurance to telemarket on its behalf.

**Request No. 11:** All documents relating to actions taken by Esurance against any Esurance employee or third party acting on behalf of Esurance, alleged to have engaged in telemarketing for Esurance in violation of the law.

The Defendants repeatedly interpose the boilerplate objection that the requests propounded by Plaintiff on these issues are overly broad, unduly burdensome, and seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants have asserted these objections because under their narrow worldview, Plaintiff is only entitled to the documents that relate to the Plaintiff, and can ignore the Plaintiff's proposed class definition.

This is not the first time a defendant has refused to produce information related to the entities it hires to market its products while defending a TCPA action. Both ADT Security Services, Inc. ("ADT") and DISH Network, L.L.C. ("DISH") raised similar objections to those attempted by Defendants here—that only some of its marketers were "at issue" in the case, and that discovery should be limited to those entities, only. This Court overruled ADT's objections[5], and the Central District of Illinois overruled DISH's objections[6], holding that because the complaint in those cases was not limited to certain dealers identified in the complaint, the discovery responses should not be so limited. Finally, in *Benzion v. Vivint, Inc.*, No. 12-61826

---

[5] Magistrate Judge Keys in the *Desai v. ADT, Sec. Sys., Inc*. litigation found similar discovery requests to be appropriate in scope and subject matter, and compelled nearly full production thereof. (See August 19, 2011 Transcript of Proceedings, attached hereto as Exhibit B.)

[6] *See United States v. DISH Network, L.L.C.*, No. 09-3073, 2011 WL 98951, at *4 (C.D. Ill. Jan. 10, 2011).

10

(S.D. Fla. Sept. 9, 2013) (Docket Entry #109), the Court explicitly rejected a similar argument and compelled the information sought, finding:

> The Court rejects most of Defendant's reasons for objecting to disclosure of the requested information but does recognize that the scope of the information should be limited to a more defined group than what Plaintiff seeks. Specifically, … Defendant shall identify any and all telemarketers that have made calls on its behalf since September 17, 2008, that have a connection with the claims asserted in the Second Amended Complaint.

*Id.* at p. 4. Similarly here, the telemarketing allegations and corresponding class definitions in the Complaint are not limited to any particular agent, simply because they were the entity that called the Plaintiff. However, the Defendants here have failed to identify the particular entity that called the Plaintiff.

## VI. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests the Court GRANT this motion to compel.

Respectfully submitted for Plaintiff,

*/s/ Anthony Paronich*
Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
(617) 314-7783 *facsimile*
ted@broderick-law.com
anthony@broderick-law.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
(508) 655-1415
mmccue@massattorneys.net

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Phone: (312) 729-5288
aburke@burkelawllc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent be e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Anthony Paronich*
Anthony Paronich