### IN THE UNITED STATES DISTRICT COURT FOR
### THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| PHILIP J. CHARVAT on behalf of himself and others similarly situated, | ) ) ) | |
| | ) | Case No. 13-cv-7104 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ALLSTATE CORPORATION, and ESURANCE INSURANCE COMPANY | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANT ESURANCE INSURANCE SERVICES, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY

Pursuant to Fed. R. Civ. P. 33 and 34, defendant Esurance Insurance Services, Inc. ("Esurance" or "defendant") (improperly named as Esurance Insurance Company), by its undersigned counsel, hereby submits the following objections and responses to plaintiff Philip J. Charvat's ("Charvat" or "plaintiff") interrogatories and document requests.

In addition, all objections and responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

(1)    All questions as to competency, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceeding or the trial of this or any other action;

(2)    The right to object on any ground to the use of any of these responses, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

1

(3)      The right to object on any ground at any time to a demand for further responses to these or any other discovery requests or other discovery proceedings involving or relating to the subject matter of the discovery requests herein responded to; and

(4)      The right to supplement and/or amend these objections.

## GENERAL OBJECTIONS

Esurance serves these Objections and Responses to Plaintiff's Interrogatories and Document Requests without prejudice to its pending motion to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). If the Complaint is dismissed, there will be no need for any discovery at all. Therefore, Esurance objects to all of plaintiff's discovery as premature and burdensome. Alternatively, to the extent that any discovery is permitted, it should be limited to discovery concerning the named plaintiff, Philip J. Charvat. Discovery applicable to the putative class is premature because no class has been certified by the Court. Moreover, plaintiff's proposed class definition is exceedingly broad in scope, is largely unsupported by any factual allegations, and improperly encompasses vast areas of lawful and protected activity. In the spirit of cooperation, and without waiver of its objection that no discovery should be permitted at this time, Esurance responds to those requests which concern plaintiff Charvat individually and not the putative class.

In addition, defendant objects to each discovery request propounded by plaintiff to the extent that:

1.      The information requested is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence;

2.      It is overly broad and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive;

2

3.      Plaintiff already possesses, or has equal access to, the information sought by the discovery request;

4.      It seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court; should any privileged or otherwise protected information be inadvertently produced in response to these Requests, such production shall not be deemed a waiver of the applicable privilege or protection;

5.      It seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant;

6.      It seeks information for an unreasonable and irrelevant period of time;

7.      It seeks information from or concerning persons other than the named plaintiff and/or information concerning transactions or matters other than the alleged transactions or matters that are the subject of plaintiff's individual claims in the Complaint;

8.      It is vague and ambiguous and incapable of a response as phrased;

9.      It seeks proprietary business and/or personal information which is confidential and the disclosure of which could be detrimental to the privacy and interests of third parties and/or Esurance;

10.     It seeks information and/or documents not in defendant's possession or custody, or over which defendant does not have direct control;

11.     It seeks information and/or documents containing commercially sensitive or confidential and propriety business information, including but not limited to, internal

policies and procedures, whether memorialized in writing or manuals or otherwise, or seeks information and/or documents containing generic information, procedures and/or guidelines of a generic nature as such information and/or documents are neither relevant to this litigation nor likely to lead to the discovery of admissible evidence; and

12.     It would require the making of an unreasonable investigation or otherwise exceeds the requirements of the Federal Rules of Civil Procedure regarding discovery and electronic discovery.

13.     It seeks information about dialers and dialing systems and equipment that is beyond the scope of the litigation, is not relevant to the litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

### *Definition No. 1*

*When used in these interrogatories and requests for production, the term "Defendant," "Esurance" or "you" (or synonyms thereof) means Esurance Insurance Company, and its officers, directors and employees, as well as any predecessor entities that may be in possession of discoverable information.*

### **Objection**

As previously stated, "Esurance Insurance Company" is the wrong entity.  The responding party herein is Esurance Insurance Services, Inc.

### *Definition No. 5*

*The terms "document" or "documents" include, without limitation, any Electronically Stored Information and/or typewritten, handwritten, graphic, photographic, printed or otherwise recorded matter or recording of symbols in tangible form, however produced or reproduced, of every kind and regardless of where located, which is in your possession, custody, or control; or in the possession, custody or control of any servant or agent of you or of your attorneys.  The terms include the following: electronically recorded information such as electronic mail ("email"), html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary,*

4

*schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "document" and "documents" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the file in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document that has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.*

**Objection**

Defendant objects to the foregoing definition on the ground that the terms "servants" and "agents" are vague and ambiguous and incapable of a response as phrased. Defendant also objects to the foregoing definition to the extent that it exceeds the requirements of the Federal Rules of Civil Procedure and is unduly burdensome. Defendant further objects to the forgoing instruction to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

***Definition No. 6***

*"Electronically Stored Information" ("ESI") has the same full meaning as construed by Fed. R. Civ. P. 26 and 34 and includes, without limitation, the following:*

 *a.  Activity listings of electronic mail receipts and/or transmittals;*

 *b.  Output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment; and*

DMEAST #18093313 v5

c. *Any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, e.g., Palm Pilot, Blackberry, Treo, iPod, or other device.*

**Objection**

Defendant objects to the foregoing definition to the extent it exceeds the requirements of the Federal Rules of Civil Procedure and is unduly burdensome.

### *Definitions 7-11*

*The term "identify" when used with respect to a natural person means to state: (1) the full name of the person, (2) his or her present or last known business and residential address and telephone number, (3) his or her email address, (4) his or her employer and position or title, (5) a description of his or her responsibilities, and (6) with respect to expert witnesses, the witness's profession and qualifications. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent interrogatories requesting the identification of that person.*

*The term "identify" with respect to legal actions means to state: (1) the full names of all parties, (2) each party's status (such as plaintiff, defendant, third-party defendant, or intervenor), (3) the case number, (4) the jurisdiction and specific court or tribunal, (5) the date the action was filed, (6) the date the action was finally disposed of, or else an indication that the action is still pending, (7) for each appeal, the full names of all parties to the appeal, (8) for each appeal, all docket numbers, (9) for each appeal, the jurisdiction and specific appellate court or tribunal, (10) for each appeal, the date filed, and (11) for each appeal, the date the appeal was finally decided or otherwise disposed of, or if the appeal is still pending, an indication to that effect.*

*The term "identify" with respect to documents means to state: (1) the type of document (e.g., "letter to John Doe, cc: Richard Roe"), (2) its date or approximate date, (3) its author or authors, (4) its recipient or recipients, (5) its subject matter, and (6) its present location or custodian (or in lieu thereof attach a copy of the document). You need not provide a description as detailed as the foregoing if the document is produced in response to these Interrogatories and if such information is readily discernible from the document.*

*To identify a document that was, but is no longer, in your possession or subject to your control, or in existence, state whether it (1) is missing or lost, (2) has been destroyed, (3) has been transferred, voluntarily or involuntarily, to others, or (4) has been otherwise disposed of; and in each instance, explain the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof.*

*The term "identify" when used with respect to verbal communication, discussion, or meeting means to state: (1) the type of communication, discussion or meeting (e.g., telephone*

*conversation, face-to-face conversation, staff meeting), (2) its date or approximate date, (3) the identity of its participants or attendees, and (4) its general subject matter.*

**Objection**

Defendant objects to the foregoing definitions to the extent they exceed the requirements of the Federal Rules of Civil Procedure and are unduly burdensome.

**Definition No. 13**

*"Telemarketing" means selling and promoting goods or services by telephone.*

**Objection**

Defendant objects to the foregoing definition on the ground that it is inconsistent with 16 C.F.R. § 310.2(dd).

**Definition No. 16**

*"Third party monitoring service" refers to an independent third party monitoring service engaged in the business of monitoring and reporting on compliance with the Telemarketing Sales Rule or TCPA.*

**Objection**

Defendant objects to the foregoing definition as vague and ambiguous.

**Definition No. 17**

*The term "document" is used in the broadest sense of the word and means any written, recorded, or graphic material that is in the defendant's possession, custody, or control including but not limited to: memoranda, reports, letters, telegrams, facsimiles, electronic mail, voice mail, other electronic correspondence, and any other communications recorded in any form or medium; notes, minutes, and transcripts of conferences, meetings, depositions, and telephone or other communications; solicitations, advertisements, offers, confirmations, contracts and other agreements; statements, ledgers, invoices, receipts, customer or vendor lists, and other records of financial matters or commercial transactions; financial models, statistical models, surveys, studies, computer printouts, and other data compilations; notebooks, calendars, and diaries; plans, proposals, scripts, and specifications; publications, manuals, supplements, indices, abstracts, pamphlets, and fliers; photographs, diagrams, graphs, charts, and other drawings; transparencies, view graphs, foils, slides, handouts, and multimedia presentations; photocopies, microfilm, microfiche, and other copies or reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-optical, and optical disks), and other electronic recordings. The term includes all drafts of a document; the original document (or an identical copy if the original is no longer available); and all copies that differ in any way*

*from the original (including as to any notations, underlining, markings, or electronically imbedded comments or codes). The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.*

**Objection**

Defendant objects to the foregoing definition as vague and ambiguous.

***Instruction No. 24***

*Unless otherwise stated, these requests relate to the four years prior to the filing of this Complaint up until the date of your response.*

**Objection**

Defendant objects to the foregoing instruction to the extent it exceeds the legal requirements of the TCPA.

***Instruction No. 25***

*These requests are continuing in nature, up to and during the course of the trial. Your response to these requests must be supplemented as you obtain additional information affecting any of your responses.*

**Objection**

Defendant objects to the foregoing instruction to the extent it exceeds the requirements of the Federal Rules of Civil Procedure and is unduly burdensome.

***Instruction No. 26***

*If you cannot answer all or part of any interrogatory in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.*

**Objection**

Defendant objects to the foregoing instruction to the extent it exceeds the requirements of the Federal Rules of Civil Procedure and is unduly burdensome.

8

### *Instruction No. 27*

*With respect to any document you withhold on a claim of privilege or immunity, provide a statement signed by Defendant's attorney setting forth as to each such document:*

a. *The name of the sender(s) of the document;*
b. *The name of the author(s) of the document;*
c. *The name of the person(s) to whom copies were sent or otherwise made available;*
d. *The job title of every person named in (a), (b) and (c) above;*
e. *The date of the document;*
f. *The date on which the document was received by each addressee or other recipient;*
g. *A brief description of the nature and subject matter of the document;*
h. *The statute, rule or decision which is claimed to give rise to the privilege; and*
i. *The detailed factual basis for the claim of privilege.*

### Objection

Defendant objects to the foregoing instruction to the extent it exceeds the requirements of the Federal Rules of Civil Procedure. Defendant further objects to the foregoing instruction to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

### OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

***Interrogatory No. 1:*** *Identify all calls (including attempted calls) made by Esurance, or any individual or entity acting for Esurance, to the persons in the set of calls described below, including plaintiff. A complete answer will include at least the following:*

a. *Identifying information for the person you were trying to reach (e.g. name, business name, address, email, fax number, all phone numbers),*

b. *Information for the calls themselves, including the phone number called, the date and time of the call and the result of the call (e.g. no answer, message left, spoke with John Doe and updated business data, etc.), and whom you spoke with, if anyone, and the substance of the conversation;*

9

    c.   *Information regarding the dialer and equipment used, including identification of the equipment and software used to make the call and any third party involved (e.g. Guaranteed Contacts, Aspect, Avaya, Soundbite, Five9, Vicidial), the location for call origination/dialer;*

    d.   *The call script, including all products and services that were, or might have been, advertised in such call;*

    e.   *The substance of the call, including the call script and identification of any products or services that were, or were intended to be, offered as an upsell or otherwise;*

    f.   *Identify the source(s) where you (and any company you work with) obtained the telephone number called and the facts and circumstances surrounding such.*

*Class 1:*

> *All persons within the United States whom (a) Esurance or Allstate, directly or through their agents, played a pre-recorded message during a telephone call the purpose of which was to sell insurance (or develop "leads" for insurance sales) within four years before this Complaint was filed, and (b) and who did not previously give such number to Esurance or Allstate.*

**<u>Objection</u>**

        Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions. Defendant also objects on the ground that the phrase "any individual or entity acting for Esurance" is vague and ambiguous and incapable of a response as phrased. Defendant further objects on the ground that this interrogatory is overly broad and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive and on the basis that inquiries into dialers and dialing systems and equipment are beyond the scope of the litigation, are not relevant, and are not reasonably calculated to lead to the discovery of admissible evidence. In addition, defendant objects to the scope of "Class 1" on the grounds that (a) it seeks class discovery, including the names and addresses of putative class members, even though no class has been certified, (b) it references "Allstate," which is not

DMEAST #18093313 v5

defined and to which discovery has not been directed and (c) it is overly broad and encompasses vast areas of lawful and protected activity.

**Response**

Without waiver of the foregoing objections, and with the qualification that Esurance did not make or authorize to be made any telephone call to plaintiff Charvat, responsive, non-privileged information relating to plaintiff Charvat individually, if any, will be produced at a mutually agreeable date and time following the entry of a Court-approved confidentiality order.

*Interrogatory No. 2: For each call responsive to the previous interrogatory for which you contend you were permitted to call (e.g. had prior express consent, or the calls were otherwise consented to), identify all documents, data, information materials, testimony and other things that support your position of the same.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatory No. 1.

**Response**

Without waiver of the foregoing objections, and with the qualification that Esurance did not make or authorize to be made any telephone call to plaintiff Charvat, responsive, non-privileged information relating to plaintiff Charvat individually, if any, will be produced at a mutually agreeable date and time following the entry of a Court-approved confidentiality order.

*Interrogatory No. 3: Identify all documents, materials, testimony or other things that you have possession, custody or control over, AND those that are not in your possession, custody or control but which you are aware of, that support or refute any affirmative defense you claim applies to any person responsive to Interrogatory 1, or to the allegations set forth in the Class Complaint.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatory No. 1. In addition, defendant objects to identifying documents, testimony, materials and other things "that are not in [its] possession, custody or control but which [it] is aware of" on the ground that it exceeds the requirements of the Federal Rules of Civil Procedure and is vague and ambiguous and incapable of a response as phrased. Defendant further objects on the ground that this interrogatory is premature, in that defendant responded to the complaint by filing a motion to dismiss, rather than an answer, and has not asserted any affirmative defenses to the allegations of the Complaint. Therefore, this interrogatory would impermissibly require defendant to speculate as to what its affirmative defenses might be if its motion to dismiss is denied and it is required to assert defenses on the merits.

***Interrogatory No. 4:*** *Identify all of the dialers and dialing systems or equipment you used, or that any individual or entity used, to call any person responsive to interrogatory 1 for the purpose of trying to sell Esurance goods or services. Include the make, model, and physical location of the dialer or equipment, and specify how they initiated calls to consumers referred to at Interrogatory No. 1.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatory No. 1. In addition, Interrogatory No. 4 seeks information that is beyond the scope of the litigation, that is not relevant, and that is not reasonably calculated to lead to the discovery of admissible evidence.

***Interrogatory No. 5:*** *If you contend that a pre-recorded message was not used to call any class member (including plaintiff), identify all documents, testimony and other things that support or refute this contention (whether in your possession, custody or control or not), and explain application of law to fact as to how they might support the contention.*

**Objection**:

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatory No. 1. In addition, defendant objects to identifying documents, testimony and other things that are not in its possession, custody or control on the ground that it exceeds the scope of the Federal Rules of Civil Procedure and is vague and ambiguous and incapable of a response as phrased. Defendant further objects on the ground that this interrogatory would improperly require defendant to render a legal opinion in order to respond in that it purports to require defendant to "explain application of law to fact" regarding whether documents, testimony and other things "might support" a contention.

***Interrogatory No. 6:*** *Identify all categories and sources of ESI relating to plaintiff and the class members. Include all relevant information, including at least: a description of the substance of the data, physical location, format, accessibility, person who is responsible for such data (or who has personal knowledge regarding the data) and bates number, if any. If the data has not been produced, explain why.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatory No. 1.

**Response**

Without waiver of the foregoing objections, and with the qualification that Esurance did not make or authorize to be made any telephone call to plaintiff Charvat, responsive, non-privileged information relating to plaintiff Charvat individually, if any, will be produced at a mutually agreeable date and time following the entry of a Court-approved confidentiality order.

***Interrogatory No. 7:*** *With respect to each expert, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his/her name, address,*

13

*telephone number, occupation, and current employment; (b) the subject matter of his/her expertise; (c) his/her educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he/she could testify if called as a witness; (e) a summary of the grounds for each such opinion.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions. Defendant also objects to the extent that the interrogatory exceeds the requirements of the Federal Rules of Civil Procedure regarding expert discovery.

**Response**

Without waiver of the foregoing objections, defendant has not retained an expert at this time. Defendant will supplement its response if and when appropriate.

***Interrogatory No. 8:*** *Please identify the person or persons responsible for receiving, maintaining, investigating, and responding to consumer telemarketing complaints at Esurance.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions.

**Response**

Without waiver of the foregoing objections, responsive, non-privileged information will be produced at a mutually agreeable date and time following the entry of a Court-approved confidentiality order.

***Interrogatory No. 9:*** *Please identify by name, address, and by the name of principal, all entities or individuals that have been identified, via consumer complaints or any other manner of notification whatsoever, as entities engaged in telemarketing Esurance products that have placed phone calls using a pre-recorded message, or has otherwise engaged in telemarketing for Esurance in alleged violation of the TCPA.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions. In addition, defendant objects on the ground that "*in alleged violation of the TCPA*" would improperly require defendant to render a legal opinion in order to respond and is vague and ambiguous and incapable of a response as phrased.

**Response**

Without waiver of the foregoing objections, Charvat is the only individual who has been so identified to date.

***Interrogatory No. 10:*** *Please explain in detail the nature of the relationship between Esurance and any individual or entity identified in response to the previous interrogatory.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions.

**Response**

Defendant incorporates by reference its response to Interrogatory No. 9.

***Interrogatory No. 11:*** *Please identify by name and business address any individual or entity who has been disciplined or reprimanded by Esurance in any manner whatsoever for allegedly engaging in unlawful telemarketing, including any third parties hired to generate potential new customers for Esurance.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions.

**Response**

Without waiver of the foregoing objections, no such individuals or entities have been identified to date.

DMEAST #18093313 v5

***Interrogatory No. 12:*** *Describe in detail the circumstances of each investigation, disciplinary action, termination, and legal action identified in response to the previous interrogatory, and identify all Esurance employees or agents associated with such investigations, disciplinary actions or terminations.*

### Objection

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions.

### Response

Defendant incorporates by reference its response to Interrogatory No. 11.

***Interrogatory No. 13:*** *Please identify the person or persons responsible for training Esurance employees, and any individual or entity retained by Esurance to telemarket on its behalf, in regard to compliance with telemarketing laws.*

### Objection

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions. In addition, defendant objects on the grounds that Interrogatory No. 13 is overly broad, is not directed to relevant information, and is not reasonably calculated to lead to the discovery of admissible evidence.

### Response

Without waiver of the foregoing objections, responsive, non-privileged information will be produced at a mutually agreeable date and time following the entry of a Court-approved confidentiality order.

***Interrogatory No. 14:*** *Identify all of the pre-recorded messages, dialers and dialing systems or equipment you used, or that any individual or entity used while trying to sell Esurance goods or services, to call any person responsive to interrogatory 1. Include the make, model, and physical location of the dialer or equipment, and specify how they are were to initiate calls to consumers referred to at Interrogatory No. 1.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatory No. 1. Defendant further objects to the extent this Interrogatory seeks information regarding dialers and dialing systems and equipment as beyond the scope of the litigation, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**Response**

Without waiver of the foregoing objections, and with the qualification that Esurance did not make or authorize to be made any telephone call to plaintiff Charvat, responsive, non-privileged information relating to plaintiff Charvat individually, if any, will be produced at a mutually agreeable date and time following the entry of a Court-approved confidentiality order.

*Interrogatory No. 15: State whether any documents responsive to the Request for Production of Documents (served contemporaneously herewith) have been destroyed or lost, or cannot be accounted for. If your answer to the preceding is anything other than an unqualified negative, please:*

    *(a) identify each and every document which was destroyed or lost, or is unaccounted for;*
    *(b) state when the Plaintiff believes the document(s) was destroyed or lost, or became unaccounted for;*
    *(c) state what reason or explanation the Plaintiff has, if any, for the destruction, loss, or inability to account for the document(s) identified in sub-part (a); and*
    *(d) identify the persons who are most knowledgeable about the information in sub-parts (a) through (c) of this Interrogatory.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to plaintiff's document requests. Defendant further objects to this Interrogatory to the extent it seeks information on records that were destroyed in the ordinary course of business in accordance with the defendant's document

DMEAST #18093313 v5

retention, preservation, and management policies before a litigation hold was required and implemented, on the grounds that such inquiry is overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**Response**

Without waiver of the foregoing objections, defendant has adopted document retention, preservation, and management policies. Upon being made aware of this litigation, a hold was put in place. Defendant is not aware of any potentially responsive records that have been lost, destroyed, or cannot be accounted for since the hold was put in place.

## OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

**_Request No. 1:_** *All documents referred to in, identified in, or that provide part or all of the basis for your responses to, any Interrogatory propounded by the Plaintiff.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15.

**Response**

Without waiver of the foregoing objections, and with the qualification that Esurance did not make or authorize to be made any telephone call to plaintiff Charvat, responsive, non-privileged documents relating to plaintiff Charvat individually, if any, will be produced at a mutually agreeable date and time following the entry of a Court-approved confidentiality order.

**_Request No. 2:_** *All documents sent to or received from the FTC, any State Attorney General, or other government entity, relating to allegations of unlawful telemarketing.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15.

**Response**

Without waiver of the foregoing objections, defendant to date is not aware of any such documents.

***Request No. 3:*** *All documents relating to complaints made to Esurance, or to any individual or entity retained by Esurance, in way relating to allegations of unlawful telemarketing.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15.   In addition, defendant objects on the ground that "any individual or entity retained by Esurance" is vague and ambiguous and incapable of a response as phrased.

**Response**

Without waiver of the foregoing objections, Esurance is not presently aware of any such documents except relating to plaintiff Charvat.  Responsive, non-privileged information relating to plaintiff Charvat will be produced at a mutually agreeable date and time following the entry of a Court-approved confidentiality order.

***Request No. 4:*** *All documents concerning Esurance's response to, or investigation into, allegations of unlawful telemarketing.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15.

**Response**

      Defendant incorporates by reference its response to Request No. 3.

      ***Request No. 5:*** *All documents concerning internal investigations conducted by Esurance concerning complaints regarding alleged unlawful telemarketing.*

**Objection**

      Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15.   In addition, defendant objects to this request as duplicative of Document Request No. 4, and therefore it is repetitive and burdensome.  Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

**Response**

      Defendant incorporates by reference its response to Request No. 3.

      ***Request No. 6:*** *All documents concerning legal demand letters, informal complaints, formal lawsuits, and all government enforcement actions or investigations, submitted to Esurance in any way relating to allegations of unlawful telemarketing.*

**Objection**

      Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15.   In addition, defendant objects to this request as duplicative of Document Request No. 4, and therefore it is repetitive and burdensome.  Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or

rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

### Response

Defendant incorporates by reference its response to Request No. 3.

***Request No. 7:*** *All documents concerning the manner in which Esurance preserves and maintains records relating to alleged unlawful telemarketing.*

### Objection

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15. Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

### Response

Defendant incorporates by reference its response to Request No. 3.

***Request No. 8:*** *All documents concerning Esurance's policies and procedures for complying with state and federal telemarketing law, and Esurance's policies relating to its supervision, training, oversight and control of third parties retained to telemarket by Esurance on its behalf.*

### Objection

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15. In addition, defendant objects on the ground that this document request is overly broad and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive. Defendant further objects to this document request to the extent that it seeks information which

21

is protected by the attorney-client privilege or the work product doctrine, or which is otherwise

protected against or privileged from disclosure by law or rule of court, or seeks information

protected against disclosure as the mental impressions, conclusions, opinions or legal theories of

an attorney or other representative of defendant.

**_Request No. 9:_** _All documents concerning Esurance's monitoring of outbound telemarketing campaigns conducted by Esurance or any individual or entity retained by Esurance to telemarket Esurance's goods or services._

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and

Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15.  In

addition, defendant objects on the ground that "any individual or entity retained by Esurance" is

vague and ambiguous and incapable of a response as phrased.  Defendant further objects to this

document request to the extent that it seeks information which is protected by the attorney-client

privilege or the work product doctrine, or which is otherwise protected against or privileged from

disclosure by law or rule of court, or seeks information protected against disclosure as the mental

impressions, conclusions, opinions or legal theories of an attorney or other representative of

defendant.  Defendant further objects on the grounds that Request No. 9 is overly broad and

unduly burdensome, as it makes inquiry into a vast array of lawful activities that are beyond the

scope of this litigation, are not relevant, and are not reasonably calculated to lead to the

discovery of admissible evidence.

**_Request No. 10:_** _All documents concerning any due diligence conducted by Esurance in regards to any third party retained by Esurance to telemarket on its behalf._

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and

Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15.  In

DMEAST #18093313 v5

addition, defendant objects on the ground that this document request is overly broad and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive. Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant. Defendant further objects on the grounds that Request No. 10 is overly broad and unduly burdensome, as it makes inquiry into a vast array of lawful activities that are beyond the scope of this litigation, are not relevant, and are not reasonably calculated to lead to the discovery of admissible evidence.

**_Request No. 11:_** *All documents relating to actions taken by Esurance against any Esurance employee or third party acting on behalf of Esurance, alleged to have engaged in telemarketing for Esurance in violation of the law.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15. In addition, defendant objects on the ground that "*in alleged violation of the law*" would improperly require defendant to render a legal opinion in order to respond and is vague and ambiguous and incapable of a response as phrased. Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

DMEAST #18093313 v5

**Response**

Without waiver of the foregoing objections, defendant is not presently aware of allegations of telemarketing in violation of the law other than by plaintiff Charvat.

**_Request No. 12:_** *All documents sent to or received from any state or federal law enforcement agency in any way relating to allegations of unlawful telemarketing.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15.

**Response**

Without waiver of the foregoing objections, defendant at present is not aware of such records.

**_Request No. 13:_** *All phone records evidencing calls made by Esurance, or any individual or entity acting for Esurance, to telemarket Esurance's goods or services, within the four year period prior to the filing of the Complaint.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15. In addition, this document request encompasses lawful conduct and is not limited to conduct that is proscribed by the TCPA and, therefore, it is overly broad and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive. Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

24

***Request No. 14:*** *All documents and other materials relating to plaintiff.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15. Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

**Response**

Without waiver of the foregoing objections, and with the qualification that Esurance did not make or authorize to be made any telephone call to plaintiff Charvat, responsive, non-privileged documents relating to plaintiff Charvat, if any, will be produced at a mutually agreeable date and time following the entry of a Court-approved confidentiality order.

***Request No. 15:*** *All documents that concern or relate to any phone call, person or phone number responsive to interrogatory 1, including for example consent, opt-in information and/or call records.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15. Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant. Defendant also objects to this request as overly

broad, unduly burdensome, seeking information that is beyond the scope of and not relevant to the litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

**_Request No. 16:_** *All documents that relate to the relationship you have with any individual or entity retained by Esurance to telemarket Esurance's goods or services that is not a Esurance employee.*

**<u>Objection</u>**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15. In addition, this document request encompasses lawful conduct and is not limited to conduct that is proscribed by the TCPA and, therefore, it is overly broad and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive. Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

**_Request No. 17:_** *All documents reflecting payments made to any entity identified in response to the previous request.*

**<u>Objection</u>**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15. In addition, this document request encompasses lawful conduct and is not limited to conduct that is proscribed by the TCPA and, therefore, it is overly broad and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive. Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client

DMEAST #18093313 v5

privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

**_Request No. 18:_** *All documents that describe any dialer used to telemarket Esurance goods and services (e.g. manuals, training materials, emails, instructional videos, intranet how-to).*

### Objection

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15. Defendant also objects to the extent this Request seeks information regarding dialers and dialing systems and equipment as beyond the scope of the litigation, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, this document request encompasses lawful conduct and is not limited to conduct that is proscribed by the TCPA and, therefore, it is overly broad and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive. Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

**_Request No. 19:_** *All documents that evidence consumers' consent to receive telemarketing calls from Esurance, or any individual or entity acting for Esurance, regarding Esurance's goods and services.*

### Objection

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15. In

27

addition, this document request encompasses lawful conduct and is not limited to conduct that is proscribed by the TCPA and, therefore, it is overly broad and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive. Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

*__Request No. 20:__ All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence discussing, accepting or declining coverage or reserving rights with respect thereto.*

### Objection

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15. Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

### Response

Without waiver of the foregoing objections, defendant is not aware of such policies at present but is continuing to investigate.

*__Request No. 21:__ All documents received from third parties that relate to this case, without regard to time. Responsive materials would include, for example, responses to subpoenas.*

DMEAST #18093313 v5

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15. In addition, defendant objects to this document request on the ground that it is overly broad and unlimited in time and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive. Also, the terms "third parties" and "relate to this case" are vague and ambiguous and incapable of a response as phrased. Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

**Response**

Without waiver of the foregoing objections, and with the qualification that Esurance did not make or authorize to be made any telephone call to plaintiff Charvat, responsive, non-privileged documents relating to plaintiff Charvat individually, if any, will be produced at a mutually agreeable date and time following the entry of a Court-approved confidentiality order.

***Request No. 22:*** *All complaints regarding telemarketing you have received in the past four years up through the date of this answer. Include all types of complaints, including formal and informal, including inquiries from the Better Business Bureau, regulatory entities, private civil litigation, and otherwise.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15.

DMEAST #18093313 v5

Defendant further objects that this request is duplicative of Request No. 3, so no additional response is required.

> ***Request No. 23:*** *All documents that define or describe Esurance's document retention, preservation, and/or destruction policies, including documents pertaining to telemarketing activities.*

**Objection**

Defendant incorporates herein by reference its foregoing General Objections and Objections to Definitions and Instructions and its objections to Interrogatories Nos. 1-15. Defendant further objects to this document request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court, or seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of defendant.

**Response**

Without waiver of the foregoing objections, responsive, non-privileged documents will be produced at a mutually agreeable date and time following entry of a Court-approved confidentiality order.

> ***Request No. 24:*** *Produce, for each person you may call as an expert witness, the following documents:*

> (a)  *All documents upon which the witness relied in forming his/her opinions in this matter.*
> (b)  *All documents reviewed by the witness in connection with this matter.*
> (c)  *All documents written or prepared by the witness (or under his/her supervision) in connection with this matter, including but not limited to any notes, reports or drafts of reports.*
> (d)  *All documents that the witness received from counsel in connection with this matter.*
> (e)  *All correspondence, including e-mails, with counsel.*
> (f)  *The witness's complete file pertaining to this matter.*
> (g)  *All documents reflecting or constituting any research the witness conducted in connection with this matter.*

30

Mark J. Levin (admitted *pro hac vice*)
Carl G. Roberts (admitted *pro hac vice*)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

Attorneys for Defendants The Allstate Corporation
and Esurance Insurance Company

DMEAST #18093313 v5